IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| MICHELE LAWSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| KANSAS CITY, KANSAS PUBLIC SCHOOLS | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Plaintiff Michele Lawson, through undersigned counsel, and in support of her Petition against Defendant Kansas City, Kansas Public Schools, states, alleges, and avers as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a Kansas resident, residing in Wyandotte County.

2. Defendant Kansas City, Kansas, Public Schools is a Kansas public entity.

3. Plaintiff worked for Plaintiff from the Fall of 2017 to the Spring of 2018.

4. In March, 2018, Plaintiff requested leave time for the last week in March.

5. At that time, Plaintiff's supervisor asked her why she needed to take leave and Plaintiff responded that the leave was to care for an indigent and dying former relative.

6. Plaintiff's supervisor, Angela Monroe, and the leave administrator, Stephanie Pepper approved the leave time.

7. At the time of Plaintiff's leave request, Plaintiff clearly stated that she may need additional days extending past the original requested time.

8. Because all employees are given sick, vacation, and personal days at the

1

time of hire, with immediate access to use of those days, Plaintiff was told by the leave administration team (Stephanie Pepper, Elizabeth Faircloth & DeJanee Harris), as well as her supervisor, that her request could be approved.

9. On April 4, 2018, Plaintiff contacted Elizabeth Faircloth via email to request two additional days of leave and to request a return to work date.

10. Faircloth informed Plaintiff that she would be required to use disability (sick) days and that she required documentation.

11. Plaintiff replied to Faircloth stating that the KCKPS employee handbook required documentation only for the use of three (3) consecutive disability days. Since Plaintiff was only using two (2) days, no documentation was required from Plaintiff, and Plaintiff asked Faircloth to verify this information.

12. In response, Faircloth informed Plaintiff that Plaintiff was correct about the employee handbook policy; however, the leave administration team was choosing to reserve the right to request information and documentation from anybody.

13. On April 13, 2018, Plaintiff received a check, paying her for all of her requested and approved leave time.

14. Shortly thereafter, Plaintiff gave notice of her intent to resign, and advised that her last day would be April 27, 2018.

15. Because Plaintiff still had additional leave time, she used that leave for a dental appointment. As with the previous requests, this leave was approved by her supervisor.

16. On April 26, 2018, during Plaintiff's dental appointment, she texted her supervisor that her appointment was taking longer than expected. Plaintiff's supervisor

responded positively and told her that she would see her on my last day, April 27, 2018.

17. An hour or so later, Plaintiff's supervisor emailed her not to come in on her last day.

18. Plaintiff's final paycheck was deposited into my account on April 27, 2018.

19. The check was one third of Plaintiff's usual pay.

20. When Plaintiff went to her former supervisor to find out why her check had funds deducted, Plaintiff was told that she owed the district for the leave days that were approved and paid for on her April 13, 2018 check.

21. Plaintiff further inquired, "Is this about the time that I took to care for my ex relative?"

22. She was told that it was.

23. Plaintiff was then told that the days taken to care for Plaintiff's relative needed come from her final check.

24. Plaintiff has been discriminated against on the basis of a relative's disability.

25. In addition, Plaintiff believes that the company retaliated against her for taking disability time, by wrongly docking her pay.

26. Further, Plaintiff believes that the Defendant harassed her and subjected her to a hostile work environment on the basis of, and retaliation for taking the disability time.

27. At all times relevant hereto, Defendant has employed more than 15 employees.

28. The Court has original subject matter jurisdiction over all of the Plaintiff's claims.

29. Further, in so far as the Defendant, at all times pertinent hereto, conducted and continues

to conduct business in Johnson County, Kansas, Kansas City is the proper division.

30. Plaintiff timely filed a charge of discrimination with the Equal Opportunity Employment Commission (hereinafter, "EEOC"), asserting discrimination based on disability, retaliation, and hostile work environment. The EEOC charge number is 563-2018-02996. The allegations asserted in the charge are incorporated, by reference, as if more fully set forth herein.

31. On March 27, 2019, the EEOC issued a notice of Right to Sue.

32. This action is timely commenced, as it has been filed within 90 days of the receipt of the afore mentioned "Right to Sue" letter. Thus, Plaintiff has duly met all administrative requirements.

33. The actions of Defendant and its agents and employees were willful and malicious, the result of evil motive, or in reckless indifference to Plaintiff's rights. Thus, Plaintiff is entitled to punitive damages, as determined by a jury.

## COUNT I. DISABILITY DISCRIMINATION

34. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

35. Plaintiff's relative suffered impairment and/or alteration of a major life activity, and was perceived to be disabled as a result thereof.

36. Plaintiff, while employed by Defendant, was the subject of adverse action and discrimination by Defendant on the basis of the relative's disability, on a continuous basis.

37. Defendant's acts of discrimination include, but are not limited to, one or more of the following:

   a. Subjecting Plaintiff to a severe and pervasive hostile work environment;

   b. Docking or otherwise withholding Plaintiff's pay.

38. The discriminatory acts listed herein are motivated by the disability set forth herein.

39. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is

now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

40. Plaintiff's damages for all counts exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

### COUNT II:    DISABILITY DISCRIMINATION RETALIATION

41. The allegations asserted in the foregoing paragraphs are reasserted and incorporated by reference, as if more fully set forth herein.

42. Defendant had knowledge of Plaintiff's relative's disabilities and the fact that Plaintiff was being harassed.  Plaintiff reported this to her supervisor.

43. Further, Plaintiff took time off of work to tend to her disabled relative- time that was granted by Defendant.

44. Plaintiff engaged in protected activity.

45. Despite this, Defendant withheld Plaintiff's pay in violation of Defendant's own policies and procedures.

46. The adverse actions of the Defendant, toward the Plaintiff, were due to the Plaintiff's protected activity.

47. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

48. Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT III: BREACH OF CONTRACT

49. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

50. The Plaintiff and Defendant had an employment contract.

51. The Defendant breached the employment contract by withholding Plaintiff's pay.

52. The Plaintiff mitigated her damages.

53. The Plaintiff has sustained damages as a direct and proximate cause of the Defendants' behavior.

WHEREFORE, the Plaintiff requests the Court to enter a judgment against the Defendant on Count III of her Complaint, for damages incurred, including statutory liquidated damages pursuant to the Kansas Wage Payment Act, for pre-judgment interest, for costs and for such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

Respectfully Submitted,

      /s/  Phillip M. Murphy II
PHILLIP M. MURPHY II   #23770
4717 Grand Ave., Ste. 250
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 312-5841
E-mail: phillip@phillilpmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**