**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHELE LAWSON,** | |
| **Plaintiff,** | |
| v. | Case No. 19-CV-2344-JAR-JPO |
| **KANSAS CITY, KANSAS PUBLIC SCHOOLS,** | |
| **Defendant.** | |

## MEMORANDUM & ORDER

On March 31, 2020, this Court granted in part and denied in part Defendant's motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[1] Specifically, the Court dismissed Plaintiff's breach of contract claim. The Court did not dismiss Plaintiff's claims of discrimination and retaliation under the Americans with Disability Act ("ADA") or Plaintiff's claim under the Kansas Wage Payment Act ("KWPA"). Before the Court is Defendant's Motion for Reconsideration (Doc. 27). It asserts that the Court erred in not dismissing the KWPA claim and requests reconsideration on this issue. Plaintiff filed an untimely response, but the Court still considered it. For the reasons stated below, the Court grants Defendant's motion.

**I.     Standard**

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or

---

[1]Doc. 26.

prevent manifest injustice.[2]  While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[3]  "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[4]  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[5]  Whether to grant a motion for reconsideration is left to the court's discretion.[6]

## II.   Discussion

Defendant asserts that the Court erred when it found that Plaintiff's KWPA state-law claim was tolled by the filing of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge.  Defendant states that the Kansas law cited by the Court in its March 31 Order is not applicable to the facts of this case.  In addition, Defendant asserts that there is contrary case law holding that an EEOC charge does not toll the statute of limitations for a state law claim.

The Court previously found that the pendency of Plaintiff's administrative proceedings with the EEOC tolled the statute of limitations for Plaintiff's KWPA state law claim.  This

---

[2]D. Kan. R. 7.3(b).

[3]*Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[4]*A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[5]*Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc*., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[6]*Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

finding was in error. The cases cited by the Court for the proposition that a statute of limitations may be tolled "if a person is prevented by the pendency of legal proceedings from exercising his legal remedy" are inapplicable to the facts in this case.[7] Specifically, these Kansas cases involved circumstances in which the court's actions and legal proceedings prevented the plaintiff from exercising the legal remedy.[8] Here, there are no allegations that Plaintiff was legally restrained or prevented from timely filing suit. Furthermore, although the statute of limitations is sometimes tolled during the pendency of administrative proceedings, it is only applicable to the specific claim at issue requiring administrative exhaustion.[9] Again, those facts are not present in this case. There is no requirement for Plaintiff to exhaust any administrative remedies prior to bringing a claim under the KWPA. Thus, administrative proceedings related to Plaintiff's KWPA claim could not prevent Plaintiff from timely bringing her claim.

In addition, Defendant is correct that there is case law holding that the filing of an EEOC charge does not toll the statute of limitations for state law claims. Although there is no Tenth Circuit precedent addressing this particular issue, the United States Supreme Court has addressed a similar issue, and the Second, Seventh, and Ninth circuits have all found that the statute of limitations for state law claims are not tolled by the filing of an EEOC charge.[10] Furthermore,

---

[7]*See Leek v. Endsley*, No. 103,683, 2011 WL 588632, at *4 (Kan. Ct. App. Feb. 11, 2011); *Newcom, Adm'r v. Potterf*, 318 P.2d 1069, 1071 (Kan. 1975).

[8]*Leek*, 2011 WL 588632, at *4 (tolling the statute of limitations because the district court's actions of erroneously dismissing the plaintiff's claim and then failing to reinstate the claim for over a year prevented the plaintiff from pursuing his claim within the applicable statute of limitations); *Newcom*, 318 P.2d at 1071 (finding that the unique circumstances of the probate case, including the disqualification and resignation of several judges, justified the tolling of the statute of limitations).

[9]*See Wagher v. Guy's Foods, Inc.*, 885 P.2d 1197, 1206 (Kan. 1994) (stating that the statute of limitations for the plaintiff's claim of sex discrimination under the Kansas Act Against Discrimination was tolled during the pendency of her administrative proceedings with the Kansas Human Rights Commission because she was required to exhaust her administrative remedies prior to bringing her sex discrimination claim in court).

[10]*See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 455 (1975) (holding that the filing of an EEOC charge does not toll the limitations period for § 1981 actions); *Castagna v. Luceno*, 744 F.3d 254, 257–58 (2d Cir. 2014) ("holding as a matter of federal law that filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with

several cases in the District of Kansas have also determined that the filing of an EEOC charge does not toll the limitations period for state law claims.[11]  In a more recent case from the District of Kansas, the court specifically noted "the time necessary to exhaust the administrative procedures for an ADA claim does not justify tolling the statute of limitations on plaintiff's other claims."[12]  In sum, the law is clear that the statute of limitations should not be tolled for Plaintiff's state law claims due to the filing of her EEOC charge.  Thus, it was error to find that Plaintiff's EEOC administrative proceeding regarding her ADA claim prevented Plaintiff from timely filing her state law KWPA claim.  Accordingly, Defendant asserts a valid basis for reconsideration of the Court's previous decision.

The statute of limitations for Plaintiff's KWPA statutory penalty claim is one year.[13]  Here, Plaintiff alleges that she resigned and received her last paycheck on April 27, 2018.  She filed suit on June 25, 2019.  Because there is no equitable tolling of Plaintiff's state law claim, it is barred by the one-year statute of limitations.  Accordingly, the Court dismisses this claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration is **granted**.  The Court dismisses Plaintiff's KWPA claim.

---

the EEOC") (citing *Johnson*, 421 U.S. at 455); *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 322–23 (7th Cir. 1992) (finding that the statute of limitations for plaintiff's state law invasion of privacy claim was not tolled by the filing of the plaintiff's EEOC charge); *Arnold v. United States*, 816 F.2d 1306, 1312–13 (9th Cir. 1987) (finding that the plaintiff's state law tort claims were barred by the statute of limitations and were not equitably tolled due to the plaintiff filing an EEOC charge).

[11]*Harman v. City of Larned, Kan.*, No. 90-4167-S, 1991 WL 49742, at *4 (D. Kan. Mar. 25, 1991) (finding that the statutes of limitation for plaintiff's state law claims were not equitably tolled due to the filing of her administrative charge); *Hoover v. Stauffer Commc'ns Inc.*, No. 88-2073, 1989 WL 84511, at *3 (D. Kan. July 24, 1989) (finding that the plaintiff's defamation claim was time-barred and the filing of the EEOC charge did not equitably toll the limitations period).

[12]*Ramsey v. Advance Stores Co.*, No. 15-4854-RDR, 2015 WL 3948119, at *5 (D. Kan. June 29, 2015) (rejecting the plaintiff's tolling argument that she could not have filed suit during the pendency of her EEOC proceeding and finding that the statute of limitations barred plaintiff's state law and FMLA claims).

[13]*See Ingham v. Digital Sols., Inc.*, No. 98-2486-JWL, 2000 WL 126920, at *3 (D. Kan. Jan. 19, 2000) (noting that a KWPA claim seeking a statutory penalty under K.S.A. § 44-315(b) is subject to the one-year statute of limitations set forth in K.S.A. § 60-514).

**IT IS SO ORDERED.**

Dated: May 11, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
